16-956-cr
United States of America v. Scott

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23ʳᵈ day of March, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
                  RICHARD C. WESLEY,
                             *Circuit Judges.*
                  VICTOR MARRERO,
                             *District Judge.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee,*                    16-956-cr

        v.

MELKUAN SCOTT, AKA MEL, AKA YOUNG GOD,
AKA YOUNG, AKA YG,

        *Defendant-Appellant,*

ARTHUR STANLEY, AKA WIGS, AKA "P", AKA
PENO, JEFF ANTOINE, AKA LITTLE HOMIE,
RASHAWN DUBOSE, AKA CHUBBS, AKA TREV,
GREGORY THOMAS, AKA QUANNY, AKA JIM
JIM, AKEEM MANOO, AKA KEEME, RICARDO
HOWE, AKA DINO, AKA TYSON, NEHELIAH
BARNETT, AKA NELLY, AKA NEY, AKA

---

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

NEAGMIAH, AKA NEHEMIAH, RAYMOND RIVERA, AKA WHITE BOY, KYRIN-ROBERT JACKSON, AKA KY, TAFARIE GREEN, AKA FARIE, IRIS PEREZ, AFESHA MANOO, AKA FESHA, AKA FEE, HORACE STARKS, JR., AKA HEAD, AKA LITTLE HEAD, JAMIE COLEMAN, AKA CITY, ARNOLD THOMPSON, AKA "B", JERROD HALL, AKA SLIME, RAQUIM SMITH, AKA BUD, AKA BUTTER, AKA RAKIM, JAMAL HOWELL, AKA SQUIZZY, RASHAWN HILL, JASON WATSON, AKA NOGGIN, SHAQILLE BROWN, AKA SHAQ, MICHAEL MORRISON, AKA NAZZIE, TYSHAWN MCDADE, AKA S DOT, AKA S DIDDY,

*Defendants.*

---

**FOR APPELLEE:**
John H. Durham (Sandra S. Glover *on the brief*), Assistant United States Attorneys for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

**FOR DEFENDANT-APPELLANT:**
Claire E. Coleman (Joseph W. Martini *on the brief*), Wiggins and Dana LLP, Stamford, CT.

Appeal from the judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Melkuan Scott appeals the March 30, 2016 amended judgment of the district court, convicting him, upon entering a plea of guilty, of one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was principally sentenced to 156 months imprisonment followed by seven years of supervised release.

On appeal, the Defendant argues that the district court imposed a procedurally unreasonable sentence by relying upon a finding of fact that was not supported by a preponderance of evidence. Specifically, he claims that the district court should not have considered a 2008 incident where a

duffle bag containing guns was found behind his house. For the reasons set forth below and based on our independent review of the record, we find this argument to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

\*\*\*

We review the sentence imposed by the district court for reasonableness. *See United States v. Cavera,* 550 F.3d 180, 189-190 (2d Cir.2008) (en banc). Under *United States v. Booker,* 543 U.S. 220 (2005), a district court has broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence." *United States v. Sanchez,* 517 F.3d 651, 660 (2d Cir.2008) The Court of Appeals role is limited to examining a sentence for reasonableness, which is akin to a deferential "abuse-of-discretion" standard. *See Gall v. United States,* 552 U.S. 38, 41 (2007); *cf. Sims v. Blot,* 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration and quotation marks omitted)). This standard applies "both to the sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir.2008)(quotation marks and citation omitted).

The primary question here is whether the district court clearly erred in considering the 2008 discovery of a duffle bag of guns behind the Defendant's house. The Defendant argued for its exclusion based on its distance in time and relevance, and pointed out that the charges were eventually nolled. The government countered that 2008 was not too distant in time given Defendant's ongoing involvement in drug-trafficking and related crimes.

We hold that the district court was well within its authority to consider this evidence. A district court is authorized to consider any information relevant to a defendant's background, history, or behavior. *See United States v. Carmona,* 873 F.2d 569, 574 (2d Cir. 1989) ("The sentencing court's discretion is largely unlimited either as to the kind of information [it] may consider, or the source from which it may come." (quotation marks and citation omitted)). The discovery of a duffle bag that contained eight firearms is plainly relevant to the Defendant's sentence for illegal firearm possession. Furthermore, the duffle bag and guns were linked to Scott through DNA evidence and a statement by the Defendant on July 24, 2008 that "seven of them shits is mine," along with other corroborating evidence. App'x 496-497. The government therefore met its burden of establishing, by a preponderance of the evidence, that the duffle bag containing the guns belonged to Scott.

In addition, the Defendant was given ample opportunity to the contest the inclusion of this evidence. In overruling the Defendant's objection, the district court stated that it would consider the discovery of the duffle bag of guns "with the understanding, as the defense correctly points out, no charges resulted from this particular conduct." App'x 323-324. This reasoned and narrow view of

3

the 2008 incident was a reasonable exercise of the district court's broad discretion. Accordingly, we conclude that the sentencing of 156 months—a sentence that was 100 months below the Sentencing Guidelines calculation—was procedurally reasonable.

## CONCLUSION

We have considered all of Defendant's arguments on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4